Slip Op. 15-01

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN POWER PULL CORP., | |
| Plaintiff, | |
| v. | Before: Mark A. Barnett, Judge |
| UNITED STATES, | Court No. 14-00088 |
| Defendant. | |

OPINION AND ORDER

[The court grants Defendant's Motion for Partial Judgment on the Pleadings.]

Dated: January 13, 2015

*Andrew J. Ayers*, Bahret & Assocaites, Co., L.P.A., of Holland, OH, for Plaintiff.

*Justin R. Miller*, Senior Trial Counsel, and *Alexander J. Vanderweide*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant. With them on the briefs were *Joyce R. Branda*, Acting Assistant Attorney General, and *Amy M. Rubin*, Assistant Director, International Trade Field Office. Of counsel on the briefs was *Beth C. Brotman*, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

Barnett, Judge: Defendant, United States, moves, pursuant to USCIT Rule 12(c), for partial judgment on the pleadings against Plaintiff, American Power Pull Corporation. Defendant contends that the court lacks subject matter jurisdiction over Plaintiff's appeal of U.S. Customs and Border Protection's ("Customs") denial of Defendant's Protest No. 4101-13-100008 because it was untimely filed. (Def.'s Mot. for

Parital J. on the Pleadings ("Def.'s Mot.") 2.) Plaintiff opposes the motion. (*See generally* Pl.'s Opp'n.) For the reasons discussed below, the court grants Defendant's motion.

## BACKGROUND

Plaintiff imported hand trucks, which Customs determined were subject to an antidumping duty order, into the United States in April and May 2006. (Compl. ¶ 3.) Plaintiff paid the assessed duty. (Compl. ¶ 3.) On August 10, 2012, Customs imposed an additional duty of 145 percent on the merchandise and claimed that Plaintiff owed interest and penalties dating back to 2006. (Compl. ¶ 4.) Plaintiff filed two protests against this additional assessment, Protest Nos. 4101-13-100008 and 3801-13-100029, which Customs respectively denied on June 14, 2013, and October 30, 2013. (Compl. ¶ 7.) Plaintiff filed the present action, which challenges Customs' denials of the protests, on March 31, 2014. (*See generally* Compl.) Defendant now moves for a partial judgment on the pleadings, arguing that the court lacks subject matter jurisdiction over Protest No. 4101-13-100008 because Plaintiff did not file suit within the statute of limitations. (Pl.'s Mot. 2.)

## LEGAL STANDARD

USCIT Rule 12(c) permits a party to move for a judgment on the pleadings "after the pleadings are closed and if it would not delay trial." *Forest Labs., Inc. v. United States*, 29 CIT 1401, 1402, 403 F. Supp. 2d 1348, 1349 (2005), *aff'd*, 476 F.3d 877 (Fed. Cir. 2007); *see* USCIT R. 12(c). It "'is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

looking to the substance of the pleadings and any judicially noticed facts.'" *Id.* (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). "A motion for judgment on the pleadings may be granted if the moving party is entitled to judgment as a matter of law." *Id.* (citing *N.Z. Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994)).

## DISCUSSION

The burden of establishing subject matter jurisdiction lies with the party seeking to invoke the court's jurisdiction – in this case, Plaintiff. *AutoAlliance Int'l, Inc. v. United States*, 26 CIT 1316, 1318, 240 F. Supp. 2d 1315, 1318 (2002) (citations omitted), *aff'd*, 357 F.3d 1290 (Fed. Cir. 2004). To invoke the court's subject matter jurisdiction to challenge a denied Customs protest under 28 U.S.C. § 1581(a), a plaintiff must commence an action "within one hundred and eighty days after the date of mailing of notice of denial of [the] protest." 28 U.S.C. § 2636(a). Because § 2636(a) "operates as a waiver of sovereign immunity, this court must 'strictly construe [this statute] in favor of the sovereign.'" *AutoAlliance Int'l, Inc.*, 357 F.3d at 1293 (brackets in original) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Therefore, in order to be timely, any claim arising from Protest No. 4101-13-100008, which Customs denied on June 14, 2013, must have been brought by December 11, 2013. Plaintiff, however, filed this action on March 31, 2014, well after the statute of limitations had run.

Plaintiff argues that § 2636(a) does not time bar its challenge to Customs' denial of Protest No. 4101-13-100008 because Plaintiff previously filed an action in this court "asserting the same request for review of the protest at issue in this case." (Pl.'s Opp'n

1 (citing *Am. Power Pull Corp. v. United States*, No. 13-00394 (CIT filed Dec. 10, 2013)).) Plaintiff notes that it filed this earlier case on December 10, 2013, and voluntarily dismissed the action without prejudice, pursuant to USCIT Rule 41(a)(1)(A)(i), because it had not paid the duties it allegedly owed prior to commencement of the action. (Pl.'s Opp'n 2-3.) Plaintiff filed the present suit after it paid the duties. (Pl.'s Opp'n 3.) According to Plaintiff, the filing of the previous action satisfied the jurisdictional requirements for bringing the present suit. (Pl.'s Opp'n 3.)

Plaintiff is mistaken. When a party voluntarily dismisses a case without prejudice pursuant to Rule 41(a), the dismissal "'render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought.'"[1] *Bonneville Assocs. Ltd. v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999) (quoting *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996)). Consequently, the filing of the previous action did not toll the statute of limitations or preserve Plaintiff's rights. *See Willard v. Wood*, 164 U.S. 502, 523 (1896) ("The general rule in respect of limitations must also be borne in mind, that if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his rights, or where, from any cause, a plaintiff becomes nonsuit, or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is

---

[1] Although *Barram* interpreted Federal Rule of Civil Procedure 41(a), USCIT Rule 41(a) duplicates the language of Federal Rule of Civil Procedure, and this court may look to decisions arising from the FRCP to interpret its own rules. *See United States v. Ziegler Bolt & Parts Co.*, 19 CIT 507, 514, 883 F. Supp. 740, 747 (1995) ("Because the Court's rules are substantially the same as the Federal Rules of Civil Procedure (FRCP), the Court has found it appropriate to consider decisions and commentary on the FRCP for guidance in interpreting its own rules.") (footnote and citation omitted).

barred.") (citations omitted).  Therefore, Plaintiff did not timely file its challenge to Protest No. 4101-13-100008, depriving the court of subject matter jurisdiction over the claim.

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's Motion for Partial Judgment on the Pleadings.  The court

ORDERS Protest No. 4101-13-100008 SEVERED from this action and DISMISSED for lack of subject matter jurisdiction.

                                                /s/     Mark A. Barnett
                                                Mark A. Barnett. Judge

Dated:  January 13, 2015
        New York, New York